IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Roberto Perez, # R-23409 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-762-MJR |
| | ) |
| R. Pollion, CNP , and | ) |
| S. NWAOBASI  M.D., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for actions allegedly occurring at Menard Correctional Center ("Menard") where he was formerly housed. Plaintiff claims that Defendants Pollion and Nwaobasi, medical personnel at Menard, were deliberately indifferent to a serious medical condition.  More specifically, Plaintiff claims that after he incurred a knee injury playing basketball on August 14, 2009, the diagnostic X-rays and painkillers that he was immediately provided were insufficient.  According to Plaintiff: "After being informed by several jailhouse lawyers of the possibility of a torn ligament or tissue, [h]e requested for a[n] MRI to be done" (Doc 1, p.4).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Plaintiff has failed to state a claim against Defendants Pollion and Nwaobasi for deliberate indifference to medical needs.

1

For a § 1983 claim, Federal law relies on the State in which the action arose for the applicable statute of limitations, by using that State's personal-injury statute. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Claims brought in Illinois under 42 U.S.C. § 1983 are subject to the two-year statute of limitations applicable to personal injury claims.  735 ILL. COMP. STAT. § 5/13-202. There are circumstances that toll this two year limitation period but they are of no avail to plaintiff as he admits in his complaint that "On March 12, 2010 I filed a grievance for not receiving adequate medical care…"  Plaintiff filed his claim in this case on July 3, 2012, more than three years after he incurred his injury and more than two years after he admittedly was aware of his claim.  He has plead himself out of court and permitting him to amend would be futile. As an aside, even if his claim had been filed within the appropriate limitation period, his complaint sounds more in negligence than deliberate indifference and would likely fail as a result. This case shall be **DISMISSED WITH PREJUDICE.**

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

    **IT IS SO ORDERED.**

    **DATED: August 15, 2012**

    _s/ MICHAEL J. REAGAN_
    MICHAEL J. REAGAN
    United States District Judge